Offshore Exploration & Prod., LLC v De Jong Capital, LLC (2025 NY Slip Op 51539(U))

[*1]

Offshore Exploration & Prod., LLC v De Jong Capital, LLC

2025 NY Slip Op 51539(U)

Decided on September 30, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2025
Supreme Court, New York County

Offshore Exploration and Production, LLC, Plaintiff,

against
De Jong Capital, LLC, Defendant.

Index No. 653659/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 010) 468, 469, 470, 471, 473 were read on this motion to/for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 011) 590, 591, 592, 593 were read on this motion to/for SEAL.
This is a breach of contract and negligent misrepresentation action. Plaintiff Offshore Exploration and Development (OEP) alleges that defendant De Jong Capital, LLC (De Jong) made misrepresentations regarding its intent to acquire a Peruvian oil and gas company. It is asserted that defendants breached a "Mutual Confidentiality Agreement" by sharing confidential information related to the acquisition of the oil company with third parties.
In motion sequences 010 and 011, defendant moves to seal certain documents submitted in support of, and in opposition to, the parties respective summary judgment motions. Plaintiff opposes the sealing of documents identified in motion sequence 010. No opposition to motion sequence 011 was filed. Both motions relate to the sealing of the same documents and are consolidated herein for disposition.
Roberto Perez Silva is the chief financial and administrative officer of Offshore International Group Inc., a company indirectly owned by defendant De Jong Capital. In support [*2]of defendant's motion to seal, Silva submits an affirmation (NYSCEF doc. no. 470). Silva avers that defendant's affiliate, nonparty Z Mining LLC, entered into a Share Purchase Agreement with nonparty Ecopetrol S.A. and Korea National Oil Corporation. The Purchase Agreement memorialized the sale of the Peruvian gas company at issue in this litigation. The agreement was filed on the docket in this case by plaintiff in support of its motion for summary judgment, along with drafts of the agreement and bid information. Silva requests permanent sealing of the agreement and other attendant documents.
According to Silva, the documents are confidential and have never been made public. They purportedly contain detailed information regarding "earn-out" payments to the nonparty entities and relate to ongoing legal proceedings between Offshore International Group's subsidiary companies (who are also nonparties) and the Tax Authority of Peru. Given the sensitive nature of the documents and ongoing proceedings, Silva requests that the documents be prevented from becoming public.
In opposition, plaintiff submits that none of the documents contain trade secrets or proprietary information and submits that the protective order in place provides sufficient protection for any confidentiality concerns. It is plaintiff's view that the purchase agreement is critical to the dispute before the court, and no compelling circumstances exist that warrant sealing as there is a well-documented "broad presumption of public entitlement to judicial proceedings" (NYSCEF doc. no. 473, para. 8). Plaintiff submits that the relief sought by defendant is unnecessary and unwarranted.
In support of motion sequence 011, Silva submits the same affirmation, and makes the same request for sealing, but identifies additional documents not referenced in the prior motion — drafts and bid documents related to the same purchase agreement submitted in opposition to defendant's motion for summary judgment (NYSCEF doc. no. 593). No opposition to motion sequence 011 has been filed.
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
Thus, sealing has been found to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest (D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] [NY Sup Ct. NY County 2007]). This court has discretion, on a case-by-case basis, to determine if good cause exists (Macheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 [2d Dept. 2007]).
Here, the court is satisfied that the affirmation of Roberto Perez Silva sets forth good cause for sealing. Nonparties, potentially unaware of the instant action, should have their private information protected — especially as it pertains to corporate financial information (Mancheski,39 AD3d at 502 [finding sealing is warranted where "disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein"]). While it is clear that the documents are relevant to the instant litigation and speak directly to the heart of critical issues [*3]before the court, plaintiff has set forth no indication why the public or press would have an interest in this matter. Absent an order from this court, highly sensitive transaction documents implicating both the confidentiality obligations of the parties and the privacy interests of nonparties will remain unrestricted on the docket. A party "ought not to be required to make their financial information public . . . where no substantial interest would be furthered by public access to that information." Sealing is appropriate to preserve the confidentiality of materials which involve the internal finances of a party and and are of minimal public interest (D'Amour, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] at *20). The court finds this especially to be so, where, as here, the finances involved are related to nonparty entities who have no stake in, and are not impacted by, the outcome of this suit (Dawson v White & Case, 184 AD2d 246, 247 [1st Dept 1992] [sealing has been allowed in the absence of legitimate public concern to counterbalance the interest of partners and clients in keeping their financial arrangement private]).
Accordingly, it is hereby
ORDERED that defendant's motion to seal certain documents (motion seq. no. 010) is granted, and the Clerk of the Court is directed, upon service on him of a copy of this order with notice of entry, to seal NYSCEF doc. nos. 326, 431, 439, 447 and 461;
ORDERED that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed papers to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case, any party, and any representative of counsel of record for a party upon presentation to the County Clerk of written authorization from said counsel and appropriate identification; and it is further
ORDERED that defendant's motion to seal certain documents (motion seq. no. 011) is granted, and the Clerk of the Court is directed, upon service on him of a copy of this order with notice of entry, to seal NYSCEF doc. nos. 513, 514, 523, 524, 525, 526, 529, 530, and 531; and it is further
ORDERED that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed papers to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case, any party, and any representative of counsel of record for a party upon presentation to the County Clerk of written authorization from said counsel and appropriate identification; and it is further
ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).
DATE September 30, 2025
ROBERT R. REED, J.S.C.